**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN LEE ALLRED,

      Plaintiff–Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION,

      Defendant–Appellee.

No. 08-4079
(D.C. No. 2:06-CV-00566-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **MCCONNELL**, Circuit Judges.

Shawn Lee Allred, proceeding pro se, appeals the district court's dismissal of his complaint seeking payment of his suspended Social Security benefits. The court found that it lacked subject matter jurisdiction due to Allred's failure to exhaust administrative remedies. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm for substantially the same reasons given by the district court.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

In July 2001, Allred filed applications for benefits under Title II and Title XVI of the Social Security Act. The Commissioner of Social Security ("the Commissioner") determined that Allred was entitled to benefits under Title II as of July 2000 and eligible for benefits under Title XVI as of August 2001. He received Title II benefits through July 2003 and Title XVI benefits through October 2003.

In December 2003, after determining that Allred was no longer financially eligible to receive Title XVI benefits, the Commissioner suspended those benefits with an effective date of November 2003 and eventually terminated them as of November 2004. In January 2005, the Commissioner suspended his Title II benefits, effective August 2003, because Allred was imprisoned pursuant to a criminal conviction. Allred did not file an administrative appeal from any of these decisions.

On July 11, 2006, Allred filed a pro se complaint in the United States District Court for the District of Utah seeking payment of the suspended benefits. The Commissioner moved to dismiss for lack of subject matter jurisdiction because Allred had failed to exhaust administrative remedies. After ordering the Commissioner to produce the administrative record, the district court concluded that Allred had not exhausted his administrative remedies, and it granted the motion to dismiss.

By statute, federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); see also § 405(h) ("No findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the term "final decision" is not defined in the statute, "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Under the regulations, a decision of the Commissioner is not "final" for jurisdictional purposes unless the claimant first exhausts his administrative remedies. 20 C.F.R. §§ 404.900(a), 416.1400(a); see Marshall v. Shalala, 5 F.3d 453, 455 (10th Cir. 1993); see also Califano v. Sanders, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner] . . . .").

Allred failed to exhaust his administrative remedies because he did not file an administrative appeal from the decisions of the Commissioner that he now challenges in his complaint. Accordingly, unless Allred is excused from the exhaustion requirement, the district court lacked jurisdiction to consider his claims.

A claimant is excused from the exhaustion requirement if (1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits. See Marshall, 5 F.3d at 455; see also

- 3 -

Mathews v. Eldridge, 424 U.S. 319, 330-32 (1976). Even with the benefit of liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Allred does not allege that exhaustion would have been futile. We note that the Commissioner stated in his brief before this court that he "has decided to grant Allred further review of his claim" in order to determine whether "[Allred] has established good cause for missing the deadlines to request review." Appellee Br. at 15; see 20 C.F.R. §§ 404.911, 416.1411. For this reason, he is not excused from his failure to exhaust administrative remedies, and the district court properly dismissed his complaint.

We **AFFIRM** the judgment of the district court. We **GRANT** Allred's motion to proceed in forma pauperis on appeal, and we **DENY** Allred's motion for a change of venue.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge